**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:08cr57**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **MICHAEL MINOR.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Amend Restitution Judgment and Memorandum in Support of Motion [Doc. 28]. No response has been filed by the Defendant.

On May 23, 2008, the Defendant entered into a plea agreement with the Government pursuant to which he pled guilty to one count of mail fraud, in violation of 18 U.S.C. §1341. [Doc. 10]. In the plea agreement, the Defendant agreed "to pay full restitution, regardless of the resulting loss amount" and further agreed that "restitution will include all victims directly or indirectly harmed by the defendant's 'relevant conduct'[.]" [Id., at 4]. The Defendant also agreed that the amount of restitution "may be subject to modification"

1

after investigation by the Probation Office. [Id.]. The Defendant acknowledged that individual victims or the Government could seek additional restitution pursuant to 18 U.S.C. §3664, the Mandatory Victim Restitution Act (MVRA). [Id., at 6].

On February 3, 2009, the Defendant was sentenced to serve 54 months in prison and to pay $162,413.72 in restitution. [Doc. 22]. The Judgment contains a list of victims and the amounts of restitution owed to each. Victim James Sutton (Sutton) is included in the list of victims but the restitution amount is listed as $0.00 because the investigating agents were unable to complete their interview with him. [Id., at 8].

On August 18, 2009, Sutton contacted the United States Attorney's Office Victim Witness Unit (VWU) and advised that he had been deployed to Iraq. [Doc. 28, at 3]. While home on leave from the military, he received a letter from the Bureau of Prisons referring him to the VWU. [Id., at 3-4]. Sutton told the VWU that he had purchased a motorcycle from the Defendant on eBay and had paid $3,000.00 for it but had never received the motorcycle. [Id., at 4]. Sutton produced a copy of the certified check used to pay the Defendant showing payment in the amount of $3,000.00. [Id.].

By this motion, filed within 60 days after Sutton contacted the VWU, the

Government seeks to amend the Judgment to include the sum of $3,000.00 as the restitution amount for Sutton instead of the sum of $0.00 presently listed. The MVRA provides:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

18 U.S.C. §3664(d)(5). Thus, the "statute also allows later-discovered losses to be recovered by entry of an amended order of restitution, if they could not have been discovered earlier." United States v. Grimes, 173 F.3d 634, 639 (7th Cir. 1999); United States v. Balentine, 569 F.3d 801, 804 n.5 (8th Cir. 2009) (the statute clearly allows for the amendment of a timely restitution order).

Here, at the time of sentencing and for a period thereafter, Sutton was on active military duty in Iraq and thus, the investigating agents were unable to complete their interview of him. When he came home on leave, he discovered that his loss may not have been included in the restitution order and he contacted the VWU. The Government, on behalf of Sutton, then

3

moved within sixty days of that discovery to amend the order of restitution.

"[Section]3664(d)(5) itself authorizes the district court to revise a restitution order anytime-days, months, years, or decades-after the 90-day deadline, should the victim discover additional losses caused by the defendant's conduct." United States v. Dolan, 571 F.3d 1022, 1026 (10th Cir. 2009), *petition certiorari* filed 78 USLW 3184 (September 23, 2009), *citing* United States v. Johnson, 400 F.3d 187, 199 (4th Cir. 2005), *certiorari denied* 546 U.S. 856, 126 S.Ct. 134, 163 L.Ed.2d 133 (2005). Military service overseas certainly establishes "good cause" for failing to discover the omission. United States v. Cheal, 389 F.3d 35, 48-49 (1st Cir. 2004) (the statute provides for "continued revision of the restitution order in light of later discoveries of losses"); United States v. Eisenberg, 2008 WL 2605125 (S.D.N.Y. 2008) (good cause shown where victims did not learn of the opportunity to request restitution until after the initial order was entered). "The MVRA permits amendments to restitution orders to reflect changed circumstances, and neither confers nor terminates a court's jurisdiction." United States v. Vandeberg, 201 F.3d 805, 814 (6th Cir. 2000).

Even if the sixty day period following discovery of the omission of loss is not invoked, the Court has jurisdiction to amend the restitution order. The

ninety day time limit of §3664(d)(5) "'was not created for the benefit of the convicted criminal, but to protect the victims of the crimes of which he has been convicted.'" United States v. Bogart, 576 F.3d 565, 570 (6th Cir. 2009), *quoting* United States v. Terlingo, 327 F.3d 216, 220 (3rd Cir. 2003). Missing the ninety day period is not fatal to a claim for restitution because it is not jurisdictional. United States v. Johnson, 400 F.3d at 199; United States v. Zakyary, 357 F.3d 186 (2nd Cir. 2004), *certiorari denied* 541 U.S. 1092, 124 S.Ct. 2833, 159 L.Ed.2d 259 (2004). "[D]istrict courts can enter restitution orders more than ninety days after sentencing provided that the delay does not prejudice the defendant." Johnson, 400 F.3d at 199. The Defendant was well aware that the restitution amount could be amended; his plea agreement so stated. He was also aware that Sutton was a victim as Sutton's name was listed in the Judgment. The ninety day period is a procedural one designed to protect victims, "'not the victimizers.'" Id., *quoting* Grimes, 173 F.3d at 639. "Thus, the[] courts have reasoned that, '[a]bsent a defendant's clear showing that his substantial rights have been prejudiced by a §3664(d)(5) delay, it would in fact, defeat the statutory purpose to allow a defendant to invoke this provision in order to avoid paying restitution to the victims of his crime.'" Id., *quoting* Zakhary, 357 F.3d at 192-93. As a result, the Court finds the motion

should be granted.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Amend Restitution Judgment [Doc. 28] is hereby **GRANTED** and the Order of Restitution contained within the Judgment of Criminal Conviction is hereby amended to include restitution in the amount of $3,000.00 due to James Sutton.

Signed: November 24, 2009

Martin Reidinger
United States District Judge